UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRICK HARRINGTON,<br><br>    Plaintiff,<br><br>  v.<br><br>J. BAUTISTA, et al.,<br><br>    Defendants. | Case No.: 1:10-cv-01802-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS FROM THE ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>[ECF No. 20] |

Plaintiff Garrick Harrington is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the initial complaint on September 30, 2010. On May 1, 2013, the Court screened the complaint pursuant to 28 U.S.C. § 1915A, and found that Plaintiff stated a cognizable claim against Defendants Bautista and Blaylock for deliberate indifferent to his safety in violation of the Eighth Amendment. However, Plaintiff did not state any other claims for relief. Plaintiff was granted the opportunity to file a first amended complaint or notify the Court of his intent to proceed on the cognizable claim only.

Now pending before the Court is Plaintiff's first amended complaint filed on August 14, 2013.

///

///

///

# I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

# II.

## PLAINTIFF'S COMPLAINT

Plaintiff is currently in custody in California State Prison ("CSP") in Solano, California. However, the incidents described in Plaintiff's complaint took place while he was incarcerated at California State Prison ("CSP") in Corcoran, California. Plaintiff names J. Bautista, J. Blaylock, S.L.

Rupp, B. Hackworth, and L. James as defendants (collectively referred to as "Defendants").

On September 26, 2008, Defendants Bautista and Blaylock removed Plaintiff from his cell to be transported to an off-site medical appointment at the California Pain Institute in Bakersfield, California. Plaintiff used an "ambulatory assistive device (wooden cane)" during this time period. Defendants Bautista and Blaylock placed Plaintiff in a waist chain with his hand shackled. Defendants Bautista and Blaylock escorted Plaintiff to a corrections transportation van. In order to place Plaintiff into the large rear compartment of the van, Defendant Bautista had to release a step ladder for Plaintiff to use. Defendants Bautista and Blaylock had to physically assist Plaintiff in climbing the step ladder due to his inability to use his hands. Once Plaintiff was in the van, Defendants Bautista and Blaylock shackled his legs. Defendants Bautista and Blaylock did not offer Plaintiff a seat belt for the van ride and Plaintiff did not see one in the rear compartment. Defendant Bautista drove the van to another part of the prison to meet up with Defendants Rupp and Hackworth who were transporting another prisoner to the same location in a different transportation van.

Upon reaching the off-cite medical center, Plaintiff noticed that the prisoner in the other van had been placed in a forward middle compartment of the van, which was accessible through the side doors. After Defendant Blaylock removed Plaintiff from the van's rear compartment, Plaintiff specifically asked him if he could be placed in the middle compartment of the van when returning from the medical appointment. Defendant Blaylock replied "I'd imagine so," but did not give a definite answer.

During Plaintiff's medical appointment, he was placed under anesthesia until he was unconscious and given an injection in his lower back and spine. Plaintiff woke in a recovery bed at the medical facility with Defendants Bautista, Blaylock, Rupp, and Hackworth present. After approximately fifteen minutes passed, Defendants Bautista, Blaylock, Rupp, and Hackworth escorted Plaintiff back to the van. Plaintiff was still under the effects of the anesthesia and had to be physically guided back to the van. Plaintiff asked to be placed in the middle forward compartment, but Defendant Bautista and Blaylock both refused. Plaintiff was assisted into the rear of the van, and Defendant Bautista placed his legs in shackles, while Defendants Blaylock, Rupp, and Hackworth observed. Plaintiff was not given a seatbelt for the ride back to CSP.

1  During the trip back to CSP, Defendant Bautista entered the freeway (highway 99) on-ramp at a "high rate of acceleration while making a right turn." At that point, Plaintiff was thrown into the air and slammed the left side of his head against the solid steel base of the opposite side bench seat in the rear compartment of the van. Plaintiff lay on the floor of the van and noticed that he was now bleeding profusely from the front left side of his head. Plaintiff yelled "man down" while trying to hit the forward rear compartment to get the attention of Defendants Bautista and Blaylock. Plaintiff is unsure whether he lost consciousness during this time. Defendants Bautista and Blaylock stopped the van and opened the rear door. Plaintiff was lying face down blood coming out of the wound on the left-front side of his head. Defendants Bautista and Blaylock asked Plaintiff if he was okay, to which Plaintiff replied no. Defendant Bautista picked Plaintiff up and sat him on a bench seat in the rear compartment of the van. Defendant Bautista reached down between the seats and retrieved a seat belt that had not been visible prior to that time. Defendant Bautista secured Plaintiff in the seat and Defendant Blaylock dampened a napkin with melted ice, retrieved from her lunch, and gave it to Plaintiff. Defendant Rupp stated that the transportation vans were new and not yet equipped with first aid kits.

Defendant Bautista used his cell phone to determine the next step. Transportation sergeant told Defendant Bautista Plaintiff should be brought back to the facility and not taken to a nearby hospital. Defendant Bautista closed the rear door and entered the driver's compartment. The vehicle traveled for approximately two minutes and then pulled over a second time. Defendants Blaylock and Bautista removed Plaintiff from the rear compartment and began to escort him toward the side doors to the van. Plaintiff collapsed due to dizziness and Defendants helped him to his feet. When stepping into the forward middle compartment, Plaintiff collapsed again. Defendants asked Plaintiff if "he was going to make it?" Plaintiff replied "he didn't know." Defendant Bautista placed a seat belt on Plaintiff and traveled for approximately an hour and forty-five minutes back to Corcoran. Plaintiff's head continued to bleed.

Plaintiff was taken to the prison hospital where Dr. Sanchez sutured the one and a half inch gash on Plaintiff's and ordered a full set of x-rays. Afterwards, Plaintiff returned to the transportation van and was taken back to his cell by wheelchair with a wrap on his head. As a result of his injuries,

Plaintiff suffered double vision and severe headaches for the weeks following the incident. Three days after the incident, Plaintiff was returned to the hospital because of dizziness, double vision, and headaches. The 3A facility Registered Nurse, Shellburn noted that Plaintiff suffered a concussion and believed he was suffering from post-concussion issues.

Plaintiff continues to have problems with vision in his left eye ("floaters") and is under the care of prison ophthalmologist, Dr. Dfoinski. Pursuant to prison procedure, Plaintiff filed an appeal contending staff misconduct. An inquiry found that "department policy had been violated."

## III.

## DISCUSSION

### A.   Eighth Amendment Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

1. Defendants Bautista and Blaylock

The Court finds that Plaintiff's allegations are sufficient to state claims against Defendants Bautista and Blaylock for deliberate indifference to Plaintiff's safety, in violation of the Eighth Amendment.

2. Defendants Rupp and Hackworth

Plaintiff's complaint is devoid of factual support for his claim that Defendants Rupp and Hackworth acted with deliberate indifference to Plaintiff's safety. Plaintiff merely contends that Defendants Rupp and Hackworth failed to protect Plaintiff's personal safety when they were aware

and had personal knowledge that Defendants Bautista and Blaylock were willfully engaging in conduct that violated his right to personal safety.  The only facts alleged as to Defendants Rupp and Hackworth is that they assisted in transporting Plaintiff back to the van after his medical procedure and observed Defendant Bautista place Plaintiff's legs in shackles.  These facts fail to demonstrate that either Defendant Rupp or Hackworth knew of and disregarded a substantial risk of serious harm to Plaintiff.  Accordingly, as with Plaintiff's initial complaint, he fails to state a cognizable claim against Defendants Rupp and Hackworth.

### B.    Deliberate Indifference to Serious Medical Need

Plaintiff contends that Defendant L. James was deliberately indifferent to his serious medical needs by denying him access to medical personnel following his head injury.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

To maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id.

The failure to respond to a prisoner's complaints of pain can be sufficient to support an Eighth Amendment claim. Snow v. McDaniel, 681 F.3d 978, 990 (9th Cir. 2012); Clement v. Gomez, 298

F.3d 898, 904 (9th Cir. 2002).  However, deliberate indifference must be shown and it is a high legal standard.  Toguchi, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. Cnty of Washoe, Nev., 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to state a cognizable claim for deliberate indifference as to Defendant L. James.  Plaintiff merely contends in conclusory terms that Defendant James knew or should have known that his conduct and actions created an unreasonable risk of serious harm to plaintiff.  Plaintiff alleges no facts to support his claim that Defendant James should have been aware of the risk and that he was actually aware of any alleged risk.  Accordingly, Plaintiff fails to state a cognizable claim against Defendant James.

### C.     State Law Claims

Plaintiff also brings claims of deliberate indifference, negligence, and willful misconduct in violation of state law against Defendants Bautista, Blaylock, Rupp, Hackworth, and James.

The Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2011).  Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit.  Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public employee, a plaintiff must allege compliance with the Government Claims Act.  Shirk, 42 Cal.4th at 209; Bodde, 32 Cal.4th at 1239; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

To the extent that Plaintiff seeks to pursue tort claims under California law, the Government Claims Act requires exhaustion of those claims with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

As with Plaintiff's initial complaint, Plaintiff fails to allege any facts that he presented his claims to the California Victim Compensation and Government Claims Board. Accordingly, because Plaintiff did not comply with the Government Claims Act, Plaintiff is unable to state any claims for violations of state law at this time.

**D.     Does One through Six**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 677.

In the caption of the amended complaint, Plaintiff lists John Does 1 through 6, as Defendants. However, in the body of the complaint, Plaintiff fails to link these defendants to any alleged violation of his constitutional rights. Accordingly, Plaintiff is unable to state any claims as to Does 1 through 6.

**IV.**

**RECOMMENDATION**

Plaintiff's complaint states a cognizable claim against Defendants Bautista and Blaylock for deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment.[1]  However, all the

---

[1] In a separate order issued concurrently herewith, the Court has directed Plaintiff to complete the necessary service documents for service of process by the U.S. Marshal.

8

other claims and Defendants Rupp, Hackworth, James, and Does 1 through 6 must be dismissed from the action for failure to state a cognizable claim.[2]

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen (14) days after being served with a copy, Plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 6, 2014**

UNITED STATES MAGISTRATE JUDGE

---

[2] In light of the fact that the Court previously notified Plaintiff of the deficiencies and granted leave to amend, further amendment is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987).