UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRICK HARRINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>J. BAUTISTA, et al.,<br><br>    Defendants. | Case No.: 1:10-cv-01802-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO QUASH SUBPOENA AND/OR ORDER OF PROTECTION<br><br>[ECF No. 48] |

Plaintiff Garrick Harrington is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's motion to quash the subpoena duces tecum and/or motion for a protective order, filed December 10, 2014. (ECF No. 48.) Defendant Bautista filed an opposition on December 26, 2014. (ECF No. 49.)

**I.**

**DISCUSSION**

**A.**     **Legal Standard**

Subpoena duces tecum are governed by Federal Rule of Civil Procedure 45 which allows for the production of documents from persons who are not parties to the action. Further, a subpoena duces tecum is limited to seeking relevant evidence as set forth in Federal Rules of Civil Procedure 26(b). Heilman v. Lyons, No. 2:09-cv-02721 KJN P, 2010 WL 5168871, *1 (E.D. Cal. Dec. 13,

2010). Rule 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C. D. Cal. 1998). To achieve this purpose Rule 26(b) is liberally interpreted to allow broad discovery "of all information reasonably calculated to lead to the discovery of admissible evidence." Jones v. Commander, Kansas Army Ammunitions Plan, Dept. of Army, 147 F.R.D. 248, 250 (D. Kan. 1993); Oakes, 179 F.R.D. at 283. Discovery requests are relevant if there is any possibility that the information sought could be relevant to the subject matter of the action. Id.

Under Federal Rule of Civil Procedure 26(c), where there is good cause, a protective order should be granted to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense."

**B.     Allegations of Complaint**

In the first amended complaint, Plaintiff that on the morning of September 26, 2008, he was transported by Defendants Bautista and Blaylock to a medical appointment at the California Pain Institute in Bakersfield, California. Plaintiff was transported by in the rear compartment of the transportation van. Plaintiff did not see a seat belt in the van, nor was he offered one by Defendant Bautista or Blaylock.

After Plaintiff's medical appointment, Plaintiff was placed back into the rear compartment of the transport van. Defendant Bautista placed Plaintiff's legs into shackles, and Plaintiff was not offered a seat belt and Defendant Bautista did not place Plaintiff in a seat belt.

During the trip back to Corcoran State Prison, Defendant Bautista entered the freeway on-ramp at a "high rate of acceleration while making a right turn." At that point, Plaintiff was thrown into the air and slammed the left side of his head against the solid steel base of the opposite side bench seat in the rear compartment of the van.

Plaintiff was laying on the floor of the van in pain and was bleeding from the area of his head that had been hit. Plaintiff yelled "man down" in an attempt to get the attention of Defendants

Bautista and Blaylock. Defendants Bautista and Blaylock stopped the van and opened the rear door. Plaintiff was laying face down blood coming out of the wound on the left-front side of his head. Defendants Bautista and Blaylock asked Plaintiff if he was okay, to which he replied no. Defendant Bautista picked Plaintiff up and sat him on a bench seat in the rear compartment of the van. Defendant Bautista reached down between the seats and retrieved a seat belt that had not been visible prior to that time. Defendant Bautista secured Plaintiff in the seat and Defendant Blaylock dampened a napkin with melted ice, retrieved from her lunch, and gave it to Plaintiff. There was no first aid kit in the van, so Blaylock gave Plaintiff a napkin to wipe the blood from his face. Bautista called a sergeant to discuss what happened and was instructed to continue on to the prison.

After traveling for approximately two minutes, the van was again stopped. Defendants Bautista and Blaylock opened the rear compartment again and moved Plaintiff to the middle compartment of the van. Bautista placed Plaintiff into a seatbelt, and they returned to the prison where Plaintiff was taken to the prison's hospital. Plaintiff had a one and a half inch gash on his head which was sutured and a full set of x-rays of his skull was ordered. Plaintiff claims to have suffered from double vision and severe headaches for weeks following the incident. A nurse informed Plaintiff that he suffered a concussion and believed he was suffering from post-concussion issues. Plaintiff continues to have problems with vision in his left eye and he has been under the continuing care of an eye doctor.

**C.     Analysis**

On October 17, 2014, counsel for Defendant Bautista sent a letter to Plaintiff asking him to review and sign a medical authorization form and return it by October 30, 2014. Plaintiff was informed that, if he signed the authorization, Bautista would provide him with copies of his medical records at no cost. Plaintiff was also informed that if he did not sign and return the form, Bautista would have to subpoena the medical records and would not provide copies. Plaintiff did not return the authorization form, so Bautista subpoenaed his medical records.

On November 24, 2014, counsel for Bautista was informed by staff at Plaintiff's place of incarceration that they only had access to Plaintiff's medical records from September 25, 2008, to the present. Counsel for Bautista asked the prison staff to forward the medical records since September

3

25, 2008, to the present. Counsel received those records on December 2, 2014. To date, no records from prior to September 25, 2008, have been obtained.

Plaintiff argues that the subpoena duces tecum as to his medical records is overly broad and seeks information that is irrelevant to the claims proceeding in this action. Plaintiff thus seeks to quash the subpoena of his medical records by Defendant Bautista and/or for a protective order.

Defendant Bautista opposes Plaintiff's motion on the ground that Plaintiff's medical records are highly relevant to this action and the Plaintiff has failed to show good cause to quash the subpoena or for the issuance of a protective order.

Defendant Bautista correctly indicates that Plaintiff's claims he suffered a gash on his head, underwent x-rays, was told he suffered a concussion, suffered from headaches and double vision for a significant amount of time after the events of this lawsuit, and claims to still be suffering from vision problems related to these events. Based on Plaintiff's allegations, his medical records are relevant to Plaintiff's claims of injuries and are therefore discoverable. Fed. R. Civ. P. 26(b).

While there may be some instances in which a blanket request for all medical records may be overbroad, such is not the case in this instance. Defendant correctly points out that Plaintiff is not claiming one injury that was treated and resolved on one day, "tidily confined to one medical record." Rather, Plaintiff is alleging a host of injuries and complications from the treatment of those injuries extending over a period of many years and continuing to the present. Defendant Bautista has not received any medical records dated prior to September 25, 2008-one day prior to the events that gave rise to this lawsuit.[1] Furthermore, counsel for Bautista indicates that he has not actually obtained any medical records that do not appear to be relevant to this case at this time, such as dental and mental health records. Accordingly, Plaintiff's motion to quash the subpoena or for the issuance of a protective order must be denied.

///

///

///

---

[1] If such medical records are received by Defendant Bautista, the Court will upon proper filing consider the relevancy of such documents pursuant to Federal Rule of Civil Procedure 26.

4

## II.
## ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that Plaintiff's motion to quash the subpoena and/or for a protective order is DENIED.

IT IS SO ORDERED.

Dated: __February 23, 2015__

UNITED STATES MAGISTRATE JUDGE