UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRICK HARRINGTON,<br><br>  Plaintiff,<br><br>  v.<br><br>J. BAUTISTA, et al.,<br><br>  Defendants. | Case No.: 1:10-cv-01802-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 51] |

Plaintiff Garrick Harrington is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Now pending before the Court is Plaintiff's motion for appointment of counsel, filed March 23, 2015.  (ECF No. 51.)

This action is proceeding on Plaintiff's first amended complaint against Defendants Bautista and Blaylock for deliberate indifference to Plaintiff's safety, and against Defendants Bautista, Blaylock, James, Rupp, and Hackworth for negligence.  Defendants James, Blaylock, Rupp, and Hackworth filed an answer to the amended complaint on October 7, 2014.  Defendant Bautista filed a separate answer on October 7, 2014.  On October 10, 2014, the Court issued a discovery and scheduling order.  (ECF No. 36.)

In the present motion, Plaintiff seeks the appointment of counsel based on his lack of funds, the inability to conduct appropriate discovery, the legal and factual complexity of the case, assistance

1

with necessary investigation, and expectation of conflicting testimony.  There is no constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  <u>Id.</u>  (internal quotation marks and citations omitted).

In the present case, the Court finds that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time.  <u>LaMere v. Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991).  The Court's review of the complaint and other materials filed in this case does not demonstrate that the case is complicated or complex.  Further, Plaintiff "has shown that he is quite capable of filing pleadings, motions, exhibits, and legal argument with the Court."  <u>Cameron v. Rantz</u>, No. CV 08-42-H-DWM, 2010 WL 2541072, *1 (D. Mont. June 16, 2010) (denying state prisoner's request for appointment of counsel in § 1983 actions.)  While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist.  <u>Rand v. Rowland</u>, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.")

Even if Plaintiff will need to conduct discovery, such circumstance would not render this case complex or imply that complex issues exist in this case.  <u>Curtis v. Benda</u>, No. C08-5109 FDB/KLS, 2009 WL 2876172, *1 (W.D. Wash. Sept. 8, 2009) (stating, in section 1983 cases, "the difficulties

faced by [a state prisoner] in attempting to litigate his case do not derive from the complexity of the issue involved here nor does the need for discovery necessarily qualify the issues involved as complex.") (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). In addition, the mere fact that conflicting testimony may exist does not show the case to be complex or justify the appointment of counsel based on exceptional circumstances. See, e.g., Thornton v. Schwarzenegger, No. 10cv01583 BTM (RBB), 2011 WL 90320 (S.D. Cal. Jan. 11, 2011).

Based on the foregoing, Plaintiff motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated: __March 24, 2015__

UNITED STATES MAGISTRATE JUDGE