# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRICK HARRINGTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. BAUTISTA, et al.,<br><br>　　　　Defendants. | Case No.: 1:10-cv-01802-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S MARCH 24, 2015, ORDER DENYING APPOINTMENT OF COUNSEL<br><br>[ECF No. 53] |

　　　Plaintiff Garrick Harrington is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　On April 13, 2015, Plaintiff filed a motion for reconsideration of the Magistrate Judge's March 24, 2015, order denying Plaintiff's request for appointment of counsel. A response to this motion is unnecessary and matter is deemed submitted. Local Rule 230(l).

　　　Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 711 F.2d 456, 460 (9th Cir. 1983); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

　　　This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); see also Grimes v. City and

County of San Francisco, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); Green v. Baca, 219 F.R.D. 485, 489 (C.D. Cal. 2003). The "'clearly erroneous' standard is significantly deferential." Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California, 508 U.S. 602, 623 (1993).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. See Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3rd Cir.1992); Green, 219 F.R.D. at 489; see also Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008); Rathgaber v. Town of Oyster Bay, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); Surles v. Air France, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); Adolph Coors Co. v. Wallace, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

Plaintiff contends that the decision denying his counsel was clearly erroneous and contrary to the law because "(1) the Magistrate failed to properly evaluate the likelihood of plaintiff's success on the merits of both his state and federal law claims, (2) the Magistrate failed to consider plaintiff's assertion that as a state prisoner it would be impossible for him to obtain relevant discovery that would likely lead to a just determination of this case; and (3) the Magistrate's analysis is deficient because, contrary to circuit law, it does not address the fact that plaintiff has been relying on another inmate to draft and submit all pleadings relevant to his claim, and that the other inmate has submitted declarations stating he can no longer assist plaintiff." (ECF No. 53, Motion at 1-2.)

The Magistrate Judge's order denying Plaintiff's motion for the appointment of counsel, without prejudice, was neither clearly erroneous nor contrary to law. As stated in the Magistrate Judge's March 24, 2015, order, a finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in

light of the complexity of the legal issues involved.  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991).  This action is proceeding on Plaintiff's first amended complaint against Defendants Bautista and Blaylock for deliberate indifference to Plaintiff's safety, and against Defendants Bautista, Blaylock, James, Rupp, and Hackworth for negligence.  Defendants James, Blaylock, Rupp, and Hackworth filed an answer to the amended complaint on October 7, 2014.  Defendant Bautista filed a separate answer on October 7, 2014.  On October 10, 2014, the Court issued a discovery and scheduling order.  (ECF No. 36.)

      There is no basis for the Court, at this early stage, to conclude that Plaintiff is likely to succeed on the merits of his claim.  In addition, Plaintiff's arguments, without supporting documentation, regarding his ability to obtain discovery are not exceptional circumstances warranting the appointment of counsel at this time.  Lastly, Plaintiff's claim that he suffers a physical impairment which inhibits him from prosecuting his claim, is without support.  There is no evidence detailing the nature or extent of Plaintiff's physical impairment related to his ability or inability to prosecute this action.  In addition, to date Plaintiff has successful prosecuted this action, and based on a review of the record in this case Plaintiff's alleged reliance on another inmate is not an extraordinary circumstance warranting the appointment of counsel.  <u>See, e.g.</u>, <u>Hackworth v. Rangel</u>, 2013 WL 1681491, at * 2 (finding reliance on fellow inmates in prosecuting case was not exceptional circumstance for appointment of counsel); <u>Montano v. Solomon</u>, 2010 WL 4137476, at * 7 (E.D. Cal. Oct. 19, 2010) (denying plaintiff's motion for appointment of counsel where "plaintiff has adequately presented, albeit through another inmate, the salient factual allegations of this case …."). The reasons set forth by Plaintiff are indistinguishable from the reasons asserted by most incarcerated plaintiffs.  Based on the foregoing, Plaintiff's motion for reconsideration is DENIED.

**IT IS SO ORDERED**
**Dated: April 16, 2015**

                                                      /s/ Lawrence J. O'Neill
                                          **United States District Judge**