UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRICK HARRINGTON,<br><br>                Plaintiff,<br><br>        v.<br><br>J. BAUTISTA, et al.,<br><br>                Defendants. | Case No.: 1:10-cv-01802-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>[ECF No. 54] |

Plaintiff Garrick Harrington is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding on Plaintiff's claim of deliberate indifference to a serious medical need against Defendants Bautista and Blaylock and negligence against Defendants Bautista, Blaylock, James, Rupp, and Hackworth.

On October 7, 2014, Defendants filed an answer to the complaint. On October 10, 2014, the Court issued the discovery and scheduling order.

On April 15, 2015, Plaintiff filed a motion to amend, and submitted a second amended complaint which was lodged by the Court. (ECF Nos. 54, 55.)

Although Defendants did not file an opposition to Plaintiff's instant motion to amend the complaint, for the reasons explained below, Plaintiff's motion must be denied.

///

I.

DISCUSSION

Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading once as a matter of course within 21 days of service, of if the pleading is one to which a response is required, 21 days after service of the responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, as previously stated Defendants filed an answer on October 7, 2014. Therefore, Plaintiff requires either consent of Defendants or leave of the Court to file an amended complaint. Defendants have not consented to amendment by Plaintiff.

Granting or denying leave to amend a complaint is in the discretion of the Court, Swanson v. United States Forest Service, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "Freely given when justice so requires.' Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). After a defendant files a responsive pleading, leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Madeja v. Olympic Packers, 310 F.3d 628, 636 (9th Cir. 2002) (citing Yakima Indian Nation v. Wash. Dep't of Revenue, 176 F.3d 1241, 1246 (9th Cir. 1999). There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995); see also Allen v. City of Beverly Hills, 911 F.2d 367, 374 (9th Cir. 1990).

**A.     Prior Amendments**

The Court's discretion to deny amendment is "particularly broad" where a plaintiff has previously amended his complaint. Allen, 911 F.2d at 373. In this instance, Plaintiff has previously amended the complaint. (ECF No 13, 20.) Thus, this factor weighs against amendment.

///

///

2

**B.     Undue Delay**

Undue delay, alone, is insufficient to deny leave to amend the pleadings.  Howey v. United States, 481 F.2d 1187, 1191 (9th Cir. 1973); DCD Programs v. Leighton, 833 F.2d 183, 186 (9th Cir. 1986).  However, in combination with other factors, delay may be sufficient to deny amendment.  See Hurn v. Ret. Fund Trust of Plumbing, 648 F.2d 1252, 1254 (9th Cir. 1981).  Evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."  Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).   Also, the Court should examine whether "permitting an amendment would … produce an undue delay in the litigation."  Id. at 1387.

Here, Plaintiff provides no reason why he seeks to amend the complaint at this juncture.  Thus, this factor weighs against amendment.

**C.     Bad Faith**

There are no facts from which the Court can infer that Plaintiff acted in bad faith, and this factor does not weigh against amendment.

**D.     Futility of Amendment**

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend."  Bonin, 59 F.3d at 845; see also Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient").  Futility may be found where added claims are duplicative of existing claims of patently frivolous, or both.  See Bonin, 59 F.3d at 846.  Here, Plaintiff does not set forth the claims for which he seeks amendment, and the Court cannot determine the propriety of amendment or whether amendment would be futile which weighs against amendment.

**E.     Prejudice to Opposing Party**

Prejudice is the most critical factor in determine whether leave to amend should be granted.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).  The burden of showing prejudice is on the party opposing an amendment to the complaint.  DCD Programs, 833 F.2d at 187.

In this instance, Defendants have filed an answer to the first amended complaint, and allowing Plaintiff to amend, at this juncture for some unknown reason, would prejudice Defendants.

## II.
## ORDER

Based on the foregoing, after weighing all the relevant factors, Plaintiff's motion for leave to file a second amended complaint must be DENIED.

IT IS SO ORDERED.

Dated:   **June 1, 2015**

UNITED STATES MAGISTRATE JUDGE