UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRICK HARRINGTON,<br><br>    Plaintiff,<br><br>    v.<br><br>J. BAUTISTA, et al.,<br><br>    Defendants. | Case No.: 1:10-cv-01802-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE JUNE 2, 2015, ORDER DENYING HIS REQUEST FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>[ECF No. 60] |

Plaintiff Garrick Harrington is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Pending before the Court is Plaintiff's motion for reconsideration of the Court's June 2, 2015, order denying his request for leave to file a second amended complaint. (ECF Nos. 58, 60.)

This Court reviews a motion to reconsideration a magistrate judge's ruling on non-dispositive motions under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). As such, the Court may only set aside those portions of a magistrate judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); see also Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir. 1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

1	A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed.  Security Farms v. International Bhd. Of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); Green v. Baca, 219 F.R.D. 485, 489 (C.D. Cal. 2003).  The "'clearly erroneous' standard is significantly deferential."  Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California, 508 U.S. 602, 623 (1993) (citation omitted).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by a magistrate judge.  See Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992); Green, 219 F.R.D. at 489; see also Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008); Rathgaber v. Town of Oyster Bay, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007).

The Court has reviewed the Magistrate Judge's order denying Plaintiff's motion to amend and also reviewed Plaintiff's instant motion for reconsideration.  The Magistrate Judge was within his discretion to deny Plaintiff's motion to amend as Plaintiff failed to set forth any bases upon which he sought leave to amend.  Indeed, in the present motion for reconsideration, Plaintiff contends he sought leave to amend to clarify the exhaustion of the California Tort Claims Act as it relates to his state law claims.  However, as stated in the Court's July 16, 2014, order, "based on the allegations presented in the First Amended Complaint and Plaintiff's alleged compliance with the California Tort Claims Act, the Court finds that Plaintiff states a cognizable claim for state-law tort claim of a negligence against Defendants Bautista, Blaylock, James, Rupp, and Hackworth, in addition to a claim of deliberate indifference to Plaintiff's safety against Defendants Bautista and Blaylock."  (ECF No. 36, Order 2:2-4.)  Thus, there is no need for Plaintiff to further amend the complaint as to the state law claims.

///
///
///
///
///

1 | Accordingly, Plaintiff's present motion for reconsideration of the magistrate judge's June 2, 2015, order is DENIED.

IT IS SO ORDERED.

Dated: **June 23, 2015**          **/s/ Lawrence J. O'Neill**
                                   UNITED STATES DISTRICT JUDGE