1

2

3

4

5

6

7

8                       **UNITED STATES DISTRICT COURT**

9                       **EASTERN DISTRICT OF CALIFORNIA**

10

11    GARRICK HARRINGTON,                    )   Case No.: 1:10-cv-01802-LJO-SAB (PC)
                                             )
12                   Plaintiff,              )
                                             )   ORDER DENYING PLAINTIFF'S MOTION FOR
13          v.                               )   STAY OF PROCEEDINGS AND TAKING
                                             )   DEFENDANTS' PENDING MOTIONS UNDER
14    J. BAUTISTA, et al.,                   )   SUBMISSION IN FOURTEEN DAYS FROM THE
                                             )   DATE OF SERVICE OF THIS ORDER
15                   Defendants.             )
                                             )   [ECF No. 87]
16  _____ )

17          Plaintiff Garrick Harrington is appearing pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.

19          This action is proceeding on Plaintiff's claim of deliberate indifference to a serious medical

20   need against Defendants Bautista and Blaylock and negligence against Defendants Bautista, Blaylock,

21   James, Rupp, and Hackworth.[1]

22          On August 20, 2015, Defendant Bautista filed a motion for summary judgment.  (ECF No. 66.)

23   Defendants Blaylock, Hackworth, James, and Rupp filed a motion for summary judgment on

24   September 23, 2015.  (ECF No. 73.)

25

26

27   _____

28   [1] Defendant Bautista is represented by Matthew Ross Wilson, and Defendants Blaylock, Hackworth, James and Rupp are
     represented by Deputy Attorney General Jason Braxton.

                                                    1

Although Plaintiff has received several extensions of time (ECF Nos. 76, 78, 81, 83), to date Plaintiff has not filed an opposition to either of Defendants' motions, and instead has filed a motion for a stay of the proceedings on January 12, 2016.  (ECF No. 87.)

**I.**

**DISCUSSION**

In his motion, Plaintiff contends that he "has sought to litigate and prosecute as his ability allows and has sought the referral for counsel several times.  Plaintiff has been denied meaningful access to the court due to his inability to access the law library.  Plaintiff has notified this court that the closures of the library due to staff shortages, vacations, training, and other unexplained reasons has kept him from researching any material that would allow him the ability to properly oppose the Defendants' motions for summary judgment."  (ECF No. 87, Mot. at 1-2.)  Plaintiff further contends that he suffers from severe [rheumatoid] arthritis in his wrists, hands, and other joints and has tried to handwrite his filings even though in great difficulty.  Plaintiff also contends that the undersigned "has routinely sought to deny plaintiff's attempts to limit an overbroad discovery request by the defendants, deny plaintiff's state claims even though properly exhausted, deny a scheduling order modification for plaintiff but grant three for defendants' attorney at a later date, and finally hold plaintiff responsible for non-operation of the prison law library."  (Id. at 3.)

Despite Plaintiff's contentions to the contrary, the record in this case is clear that Plaintiff has received four separate extensions of time to respond to the pending motions for summary judgment, and despite being informed that only in extraordinary circumstances would the Court grant another extension of time (ECF Nos 83, 86), Plaintiff now seeks to stay the proceedings.  Plaintiff continues to repeat the same allegations relating to his medical condition and limited access to resources as the basis to further extend the time to file an opposition and now seeks to stay the proceedings.  Plaintiff has failed to demonstrate with sufficient factual detail extraordinary circumstances, given the prior grant of four extensions of time, that prevent him from complying with the court's previous deadlines. Cf. Efau v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007) (noting that while a court's discretion in extending time [under Federal Rule of Civil Procedure 4(m)] is broad, a plaintiff's protracted and repeated requests for extension of time must end somewhere, for "no court has ruled that the discretion

2

is limitless.").  In particular, Plaintiff fails (and previously failed) to demonstrate what, if any, information is necessary to which he does not have access in order to properly file an opposition. Based on Plaintiff's filings in this case it appears to the Court that Plaintiff is able to file a written opposition to the motions for summary judgment.  Indeed, to date, Plaintiff has had over four months to file his oppositions.  Thus, the Court will not continue this action and/or stay this action to issue a ruling on Defendants' motions which have been pending since August and September 2015.  It is Plaintiff's responsibility, not that of the Court, to prosecute this action and move it forward.  In the interest of justice, the Court will extend the time by fourteen days from the date of service of this order, before Defendants' motions for summary judgment are deemed submitted for review by the Court.

In his motion, Plaintiff also alludes to the fact that he will seek recusal of the undersigned.  To the extent Plaintiff seeks recusal of the undersigned, his request must be denied.  Title 28, United States Code, Section 455 requires recusal if the judge's alleged bias or prejudice "stems from an extrajudicial source and not from conduct or rulings made during the course of the proceedings.  Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988).  "A judge's previous adverse ruling alone is not sufficient bias."  Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir. 1984).  Plaintiff's reason for recusal is based on his disagreement with rulings made during the course of these proceedings, and not from any extrajudicial source, and Plaintiff's request for recusal is denied. However, filing his opposition to the summary judgment may be a more efficient use of the Plaintiff's resources than filing a motion to recusal a judicial officer, but that choice is left to the Plaintiff.  It should be noted that a failure to timely file the opposition summary judgment will result in the matter being submitted without the Plaintiff's input.  The Court has been more than patient and yet the Plaintiff has failed to appreciate the admonition given to him by the Court.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's motion to stay the proceedings and/or request for a further extension of time to file an opposition to Defendants' pending motions for summary judgment is DENIED;

2.      Defendants' motions for summary judgment, filed on August 20, 2015, and September 23, 2015, respectively, will be deemed submitted for review by the Court in **fourteen (14) days** from the date of service of this order; and

3.      Plaintiff's request for recusal of the undersigned is DENIED.

IT IS SO ORDERED.

Dated:   __**January 13, 2016**__

_____
UNITED STATES MAGISTRATE JUDGE

4