**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARRICK HARRINGTON, | Case No.: 1:10-cv-01802-LJO-SAB (PC) |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF RECUSAL OF ASSIGNED MAGISTRATE JUDGE |
| J. BAUTISTA, et al., | |
| Defendants. | [ECF No. 89] |

Plaintiff Garrick Harrington is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 22, 2016, Plaintiff filed a motion for reconsideration of the Court's January 13, 2016, order, denying his request for recusal of the assigned magistrate judge.

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 711 F.2d 456, 460 (9th Cir. 1983); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

///

///

1

1    This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly

2    erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil

3    Procedure 72(a).  As such, the court may only set aside those portions of a Magistrate Judge's order

4    that are either clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); see also Grimes v. City and

5    County of San Francisco, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive

6    pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

7    A magistrate judge's factual findings are "clearly erroneous" when the district court is left with

8    the definite and firm conviction that a mistake has been committed.  Security Farms v. International

9    Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); Green v. Baca, 219 F.R.D. 485, 489 (C.D. Cal.

10   2003).  The "'clearly erroneous' standard is significantly deferential."  Concrete Pipe and Products of

11   California, Inc. v. Construction Laborers Pension Trust for Southern California, 508 U.S. 602, 623

12   (1993).

13   The "contrary to law" standard allows independent, plenary review of purely legal

14   determinations by the magistrate judge.  See Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3rd

15   Cir.1992); Green, 219 F.R.D. at 489; see also Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir.

16   2002).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or

17   rules of procedure."  Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn.

18   2008); Rathgaber v. Town of Oyster Bay, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); Surles v. Air

19   France, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); Adolph Coors Co. v. Wallace, 570 F.Supp. 202, 205

20   (N.D. Cal. 1983).

21   Plaintiff's motion for reconsideration must be denied.  Title 28 U.S.C. § 455 requires recusal if

22   the judge's alleged bias or prejudice "stems from an extrajudicial source and not from conduct or

23   rulings made during the course of the proceedings.  Toth v. Trans World Airlines, Inc., 862 F.2d 1381,

24   1388 (9th Cir. 1988).  "A judge's previous adverse ruling alone is not sufficient bias."  Mayes v.

25   Leipziger, 729 F.2d 605, 607 (9th Cir. 1984).  As stated in the Court's January 13, 2016, order,

26   Plaintiff's reason for recusal is based on his disagreement with rulings made during the course of these

27   proceedings, and not from any extrajudicial source, and Plaintiff's request for recusal is denied.  (ECF

28   No. 88, Order at 3.)  In addition, as addressed in Court's January 13, 2016, order, Plaintiff continues to

repeat the same allegations relating to his medical condition and limited access to resources as the basis to further extend the time to file an opposition.  Plaintiff has failed to demonstrate with sufficient factual detail extraordinary circumstances, given the prior grant of four extensions of time, that prevent him from complying with the court's previous deadlines.  (Id. at 2.)  Furthermore, Plaintiff has had over four months to file an opposition to the pending motions for summary judgment, and the Magistrate Judge noted that the failure to file a timely opposition will result in the matter being submitted without Plaintiff's input.  (Id. at 3.)   Instead of focusing his attention on filing an opposition, Plaintiff has filed the instant motion for reconsideration, and for the reasons stated herein the motion must be denied.  As stated in the Court's January 13, 2016, order Defendants' pending motions for summary judgment would be deemed submitted as of January 27, 2016 (fourteen days from the date of service of the January 13, 2016, order).  Plaintiff is granted until **February 8, 2016,** to file an opposition to the pending motions for summary judgment.  No further motions will be entertained and the motions for summary judgment will be deemed submitted for review after this date.

Based on the foregoing, Plaintiff's motion for reconsideration and recusal of the assigned magistrate judge is DENIED, and Plaintiff's opposition to the pending motions for summary judgment is due on or before February 8, 2016, after which time the motions will be deemed submitted for review.

IT IS SO ORDERED.

Dated:    **January 27, 2016**                    **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE